

# THE ATTORNEY GENERAL
## OF TEXAS

January 27, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Weldon C. Wells
McLennan County Auditor
500 Columbus Avenue
Waco, Texas    76701

. Opinion No. JM-627

Re: Payment of witness fees
under section 35.27 of the
Code of Criminal Procedure

Dear Mr. Wells:

We have accepted your opinion request because you state that the
need for answers to your questions is urgent and the criminal district
attorney of McLennan County has failed to respond to your questions.
V.T.C.S. art. 334.

You ask a number of questions which you state involve a construc-
tion of article 35.27, of the Code of Criminal Procedure, which pro-
vides for the compensation of nonresident witnesses:

    1. Are the amounts of 'reasonable and
    necessary' expenses referred to in section 1
    limited to the amounts the state is allowed to
    reimburse for such expenses under section 2?

    2. Is the amount the county is allowed to
    advance to any witness under section 7 limited to
    the amount of reimbursement the county is entitled
    to receive from the state as an assignee?

    3. Is the prosecutor authorized to obligate
    the county to make payments to third parties for
    expenses on behalf of any witness in lieu of
    requesting an advance of funds to the witness as
    provided in section 7?

    4. Is the prosecutor authorized to obligate
    the county to pay for expenses of any witness in
    excess of the amounts eligible for reimbursement
    from the state under section 7?

.    Section 2 of article 35.27 provides that the compensation paid by
the state to a nonresident witness shall not exceed $50 per day for
living expenses and 16 cents per mile for travel by personal auto-
mobile.  Code Crim. Proc. art. 35.27, §2.  While article 35.27 of the
Code of Criminal Procedure has been amended since 1973, we believe no

change has been made which affects the validity of the analysis employed in Attorney General Opinion H-107 (1973) insofar as it is pertinent to your first question. In that opinion it was concluded that the amount provided per day for living expenses was not a fixed per diem but is a reimbursement for actual expenses not to exceed that amount. The amount per mile is a fixed amount for travel by automobile.

Section 1 of article 35.27 provides that the nonresident witness

> shall be compensated by the state for the reasonable and necessary travel and daily living expenses he incurs by reason of his attendance as a witness at such proceedings.

Section 3 provides that a nonresident witness will be allowed

> compensation for travel and living expenses . . . [and] such other expenses as may be required by the laws of this state or the state from which the attendance of the witness is sought.

When sections 1, 2, and 3 of article 35.27 are read together

> it is apparent that the Legislature, in language which is clear, although somewhat broad, has made provision for the reimbursement of actual expenses incurred when the witness travels by bus, train, or air.

Attorney General Opinion H-107 (1973) at 4. As to what is included within the ambit of "such other expenses as may be required by the laws of this state or the state from which the attendance of the witness is sought," this provision, while broad in its language, is by its very terms unsusceptible of greater clarity without reference to particular statutes. See Code Crim. Proc. art. 24.28. The amounts of "reasonable and necessary" expenses to be compensated a nonresident witness under article 35.27, section 1, are limited to the amounts provided in article 35.27, sections 1, 2, and 3.

In your second question, you ask whether the amount the county is allowed to advance any witness under section 7 of article 35.27 is limited to the amounts of reimbursement the county is entitled to receive from the state as an assignee. It is our opinion that section 7 sets the limits as to funds the county may advance to any witness who will be entitled to

> compensation under this Article in such amounts as may be reasonably necessary to enable the witness to attend as required or requested, including any sums in excess of the compensation provided for by this Article which are required for compliance

with Section 4 of Article 24.28 in securing the attendance of a witness from another state under the Uniform Act. . . .

Code Crim. Proc. art. 35.27, §7.  Section 7 further provides that "upon any such advance or advances, the county shall be entitled to reimbursement by the State, as an assignee of compensation due a witness from the State."  (Emphasis added.)

It is our opinion that under section 7 of article 25.27, the amount the county may advance any witness is limited to the amount of reimbursement the county is entitled to receive from the state as an assignee.

You next ask:

Is the prosecutor authorized to obligate the county to make payments to third parties for expenses on behalf of any witness in lieu of requesting an advance of funds to the witness as provided in section 7?

Insofar as compensation for a nonresident witness is provided for in article 35.27, we are of the opinion that section 7 provides the exclusive method by which the prosecutor may secure an advance of funds from the county treasury to any witness who may be entitled to compensation under this article.  Section 7 provides for the advancement of such funds "upon request of the district attorney or other prosecutor charged with the duty of prosecution in the proceeding."  A county may not otherwise be obligated to make payments to third parties.  Attorney General Opinion H-125 (1973).

In answer to your last question, it is our opinion that the prosecutor is not authorized to obligate the county for expenses for any witness in excess of the amounts eligible for reimbursement from the state under section 7 of article 35.27.  We emphasize that our opinion is limited to witnesses covered by article 35.27 of the Code of Criminal Procedure.

## S U M M A R Y

The amounts of "reasonable and necessary" expenses to be compensated a nonresident witness under article 35.27, section 1, of the Code of Criminal Procedure, are limited to the amounts provided in article 35.27, sections 1, 2, and 3.

The amount a county is allowed to advance a nonresident witness under article 35.27, section 7, is limited to the amount of reimbursement the county is entitled to receive from the state as an assignee.

Under the provisions of article 35.27, section 7 provides the exclusive method by which the prosecutor may secure an advance of funds for a nonresident witness.

The prosecutor is not authorized to obligate the county for expenses for any nonresident witness in excess of the amounts eligible for reimbursement from the state under article 35.27, section 7.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General